IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHATHA JASIM, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 17-1317 ) Judge Nora Barry Fischer |
| PORT AUTHORITY OF ALLEGHENY COUNTY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER OF COURT

AND NOW, this 1st day of March, 2018, upon consideration of Defendant Port Authority of Allegheny County's Motion to Dismiss for Failure to State a Claim (Docket No. [14]), and Brief in Support, (Docket No. [15]), Plaintiff Shatha Jasim's Response and Brief in Opposition, (Docket Nos. [16]), and after reviewing the allegations in the Amended Complaint, (Docket No. [12]), in light of the governing pleading standard, *see, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016),

IT IS HEREBY ORDERED that the Port Authority's Motion to Dismiss [14] is GRANTED, IN PART and DENIED, IN PART, as follows:

1. The Port Authority's Motion is DENIED, without prejudice, to the extent it seeks dismissal of Count One for Discrimination under Title VII, Count Two for Disability Discrimination under ADA, Count Three for Violation of the Rehabilitation Act, Count Six for Discrimination under PHRA,[1] and Count Seven for Violation of FMLA. In this Court's opinion, the amended complaint alleges facts that, when taken as true and

---

[1] Jasim misnumbered the counts in her Amended Complaint, resulting in there being two Count Sixes.

construed in a light most favorable to Jasim, are sufficient to raise a reasonable expectation that discovery will uncover proof as to each of these claims. *See, e.g., Connelly*, 809 F.3d at 789.

2. The Port Authority's Motion is GRANTED to the extent it seeks dismissal of Count Four for violation of 42 U.S.C. § 1983. Regardless of whether the continuing violation theory applies to toll the limitations period (*see* Docket Nos. 15 at 15-16; 16 at 10-11), the Amended Complaint does not plead the existence of a custom or policy which caused Jasim's alleged constitutional deprivation (*i.e.*, violation of her rights to equal protection under the Fourteenth Amendment) as is required for her to maintain a § 1983 claim against the Port Authority. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690, 694 (1978); *McTernan v. City of York, Pa.*, 564 F.3d 636, 658 (3d Cir. 2009) (the plaintiff must "identify a custom or policy, and specify what that custom or policy was"). Contrary to her conclusory allegation that she "has no adequate remedy at law to redress these violations of her constitutional rights" (Docket No. 12 at ¶ 82), it is clear that her § 1983 claim is a "pure" employment discrimination claim, which is not cognizable under the circumstances. *See Williams v. Pa. Human Relations Comm'n*, 870 F.3d 294, 299-300 (3d Cir. 2017) ("Allowing pure Title VII and ADA claims under § 1983 would thwart Congress's carefully crafted administrative scheme... Title VII and ADA statutory rights cannot be vindicated through § 1983."). Since this pleading deficiency cannot be cured by amendment, the Court denies Jasim leave to amend her § 1983 claim. *See Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000).

3. The Port Authority's Motion is GRANTED to the extent it seeks dismissal of Count Six for Discrimination under Title VI.[2] The Amended Complaint pleads no facts that the primary purpose the Port Authority receives federal funding is for employment. Rather, it merely alleges that the Port Authority operates at a loss each year and that it could not maintain its employment levels without the federal funding. (Docket No. 12 at ¶ 88). Because this is insufficient to raise a reasonable expectation that discovery will uncover evidence of a logical nexus between the federal funds received by the Port Authority and the alleged employment discrimination, the Amended Complaint fails to state a claim under Title VI as a matter of law. *See Johnson v. Cmty. Coll. of Allegheny County*, 566 F.Supp.2d 405, 457-59 (W.D. Pa. 2008) (Conti, J.) (no Title VI violation where the primary purpose of the federal funding was education, not employment); *Waris v. HCR Manor Care*, 2009 WL 330990, *19 (E.D. Pa. 2009) (no Title VI violation "[b]ecause Medicare and Medicaid funds do not have the primary purpose of employing home health care").

4. The Port Authority's Motion is DENIED, without prejudice, to the extent that it seeks dismissal of any claims for "unfair work conditions" as being barred for failure to comply with the exhaustion procedures in the CBA. Failure to exhaust administrative remedies under a CBA is an affirmative defense. *Wright v. Univ. Maritime Svc. Corp.* 525 U.S. 70, 75 (1998). Here, this affirmative defense is not a basis for dismissal at the pleading stage because it is not apparent on the face of the Amended Complaint and the Port Authority relies on matters outside the pleadings in making this argument. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

---

[2] *See* note 1.

5. The Port Authority's Motion is DENIED, without prejudice, to the extent it seeks to bar Jasim from recovering for "physical injuries" relating to anxiety attacks. The Amended Complaint alleges that Jasim has "suffered repeated anxiety attacks that have required hospitalization" due to the alleged discrimination. (Docket No. 12 at ¶¶ 45-46). The Port Authority assumes, without any analysis, that these allegations are indistinguishable from physical workplace injuries which are exclusively covered by Pennsylvania Workers' Compensation Act. (Docket No. 15 at 18). Yet, this argument entirely ignores that if Jasim is successful on her claims at trial, she will be entitled to compensatory damages, which includes compensation for emotional pain, suffering, inconvenience, enjoyment of life, and other nonpecuniary losses. *See, e.g., Landgraf v. USI Film Prod.*, 511 U.S. 244, 253 (1994); *Gucker v. U.S. Steel Corp.*, 212 F.Supp.3d 549, 561 (W.D. Pa. 2016) (Fischer, J.) ("The PHRA does not have a statutory cap for compensatory damages.").

6. The Port Authority's Motion is DENIED, without prejudice, to the extent it seeks dismissal of Jasim's "claim" under 42 U.S.C. § 1988. As the Amended Complaint clearly does not assert a claim under § 1988, this argument is meritless. In the same vein, the Court rejects the Port Authority's request for attorney's fees under § 1988 against Jasim because it improperly requests this relief in its brief, Fed.R.Civ.P. 7(b), and it is not a "prevailing party," as the case remains ongoing. 42 U.S.C. § 1988.

IT IS FURTHER ORDERED that the Port Authority shall file its Answer to Jasim's Amended Complaint by **March 15, 2018.**

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.